

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00182-CR

_____

WILLIE GUILLERMO TORRES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 391st District Court
Tom Green County, Texas
Trial Court No. D-15-0230-SB

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Willie Guillermo Torres has filed an untimely notice of appeal from a conviction by a Tom Green County[1] jury of possession of one gram or more, but less than four grams, of methamphetamine.[2]  We dismiss the appeal for want of jurisdiction.

The judgment of conviction in this matter indicates that Torres' sentence was imposed June 21, 2016, and a motion seeking a new trial was timely filed June 27, 2016.  Because Torres filed a timely motion for new trial, the deadline for filing a notice of appeal was extended from thirty to ninety days from the date sentence was imposed.  *See* TEX. R. APP. P. 26.2(a)(2). Consequently, Torres' notice of appeal was due on or before September 19, 2016.  *See id.*  To extend the September 19 deadline for filing a notice of appeal, Torres would have had to file a motion seeking an extension of time on or before October 4, 2016.  *See* TEX. R. APP. P. 26.3.  No such motion was filed.  The notice of appeal in this matter bears a September 20, 2016, "filed" stamp, and there is nothing in the record to suggest that the mailbox rule would operate to alter that filing date.  Consequently, it appears that Torres' attempt to appeal his conviction in this matter was untimely.

Rule 26.3 of the Texas Rules of Appellate Procedure establishes the procedure for obtaining an extension of time in which to file a notice of appeal.  Under Rule 26.3, an appellate court has the discretion to grant an extension of time in a criminal matter if, and only if, within

---

[1]Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to Section 73.001 of the Texas Government Code.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).  We are unaware of any conflict between precedent of the Third Court of Appeals and that of this Court on any relevant issue.  *See* TEX. R. APP. P. 41.3.

[2]*See* TEX. HEALTH & SAFETY CODE ANN. 481.115(c) (West 2010).

2

fifteen days after the deadline for filing the notice of appeal, the appellant (1) files the notice of appeal in the trial court and (2) files a motion seeking an extension of time in the appellate court. While Torres satisfied the first requirement, he failed to satisfy the second, and the Texas Court of Criminal Appeals has expressly held that the failure to timely file a motion for extension of time under such circumstances deprives this Court of jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *see also Slaton v. State*, 981 S.W.2d 208, 209 n.3 (Tex. Crim. App. 1998).

We notified Torres by letter dated October 21, 2016, that his notice of appeal appeared to be untimely and that the appeal was subject to dismissal for want of jurisdiction. We gave Torres ten days to respond to our letter and to demonstrate how we have jurisdiction over his appeal. Torres' response indicated that he is seeking consent from the Texas Court of Criminal Appeals to file an out-of-time appeal.

Because Torres has not timely perfected his appeal, we dismiss the appeal for want of jurisdiction.

Josh R. Morriss, III
Chief Justice

Date Submitted:     November 7, 2016
Date Decided:       November 8, 2016

Do Not Publish